USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ____2/7/2022_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

                                        **Plaintiff,**

                        **-against-**

**LARRY WILLIAMS,**

                                        **Defendant.**

**1:02-CR-1372 (ALC)**

**ORDER GRANTING EARLY**
**TERMINATION OF**
**SUPERVISED RELEASE**

**ANDREW L. CARTER, JR., United States District Judge:**

On July 1, 2019, this Court sentenced Defendant Larry Williams to a 240-month term of imprisonment and seventy-two (72) months' supervised release. ECF No. 532. Upon sentencing, Mr. Williams had already served a significant portion of his prison term. On September 11, 2019, he was placed on supervised release. After serving approximately two years of supervised release, on September 18, 2021, the U.S. Probation Department filed a request for early termination on Mr. Williams' behalf. The Government opposed on October 6, 2021. ECF No. 584. Mr. Williams' counsel filed a response endorsing Probation's request for early termination on October 12, 2021. ECF No. 585. On January 24, 2022, he submitted a supplemental letter in support of early termination. ECF No. 592. The Court now considers the request for early termination of supervised release. For the reasons set forth below, the motion is **GRANTED**.

"[A]fter considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure related to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before modifying a term

of supervised release, a hearing is required unless an exception applies. Fed. R. Crim. P. 32.1(c).
Early termination of supervised release may be appropriate for "new or unforeseen circumstances,"
such as "exceptionally good behavior by the defendant," which "will render a previously imposed
term or condition of release either too harsh or inappropriately tailored to serve the punishment
goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). However,
"there is no additional requirement that [the court] make a finding of new or changed
circumstances," so long as a court "consider[s] the relevant 18 U.S.C. § 3553(a) sentencing
factors." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (collecting cases).

Here, early termination of supervised release is warranted. Mr. Williams has completed
approximately two years and five months of his six-year term of supervised release, satisfying the
one-year requirement under section 3583(e)(1) and the 18-month presumption under the Guide to
Judiciary Policy, Volume 8, Part E, Chapter 3, § 360.20 for a recommendation of early termination.
Further, it is undisputed among the parties and Probation that Mr. Williams has fully complied
with his conditions of release. And even the Government recognizes, though they seem to give
Mr. Williams very little credit in this regard, that he attended St. Francis College and obtained a
job. ECF No. 584 at 10-11. He has already served approximately 17 years in prison and two years
(of full compliance) of supervised release.

Contrary to the Government's contention, Mr. Williams has exceeded expectations and
demonstrated rehabilitation. He has worked extensively on criminal justice reform efforts,
including supporting ex-felons with reentry, speaking at workshops and trainings for incarcerated
students, and educating federal law clerks and interns through the Chambers' Summer Speaker
Series. He has received written praise for these endeavors from many, including but not limited to,
Second Circuit Judge Joseph F. Bianco, Associate Director of Columbia University's Center for

2

Justice Claudia Rincón, and Executive Director of Emmaus House Harlem Dawn Ravella. ECF No. 585, Exs. A-D. Mr. Williams is deeply involved in compassionate release initiatives, assisting incarcerated individuals with their First Step Act motions and lobbying state legislators for the compassionate release of elderly inmates.

On the academic front, Mr. Williams has achieved much more than simply enrolling at St. Francis College. He has obtained positive recommendations from several of his professors, joined the Honors Program at the end of his first year (maintaining a 3.52 GPA), and is set to graduate this year (in 2022). ECF No. 585, Exs. H-J. He is president of the Entrepreneurship Club and is also a program assistant for the St. Francis Post-Prison Program. Outside of his studies at St. Francis, he has completed a wide range of other coursework, including in entrepreneurship and philosophy. ECF No. 585, Ex. L-N. He has also been accepted into Yale Law School's Early Access Program. ECF No. 585, Ex. K.

Aside from his criminal justice reform efforts and prisoners' advocacy, as well as his academic achievements, Mr. Williams has strengthened his relationship with his daughter and maintained the support of his mother, with whom he currently resides.

Because rehabilitation—and not punishment—is the focus of requests for early termination, Mr. Williams meets the criteria for early termination of supervised release. The Court does not take the relevant 3553(a) factors lightly and understands that he previously committed serious offenses. However, his prison term was lengthy and just. Considering Mr. Williams has made exceptional strides since committing those crimes nearly two decades ago, further time under continued supervision would hinder his ability to advance his current academic, professional, and prosocial activities. *See United States v. Filocomo*, No. 02CR30731S16NGG, 2022 WL 118735, at *2 (E.D.N.Y. Jan. 12, 2022) (granting early release to defendant sentenced to 240-months'

3

imprisonment for serious, violent gang-related crimes with lengthy criminal history); *United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (granting early release to defendant convicted of narcotics conspiracy); *see also United States v. Harris*, 689 F.Supp.2d 692, 695–96 (S.D.N.Y. 2010) ("[The defendant's] offenses were serious but his term of imprisonment was lengthy, in accordance with the guidelines, and just. There is no need for further general deterrence. There is no need to protect the public from [the defendant]. The desirability of [defendant's] continued rehabilitation through enhanced professional opportunity trumps whatever minimal restitution might be obtained by continued supervision.") (footnote omitted). Here, the Court believes that continued supervision is not in the interest of justice.

After careful consideration of Mr. Williams' circumstances and the applicable section 3553(a) sentencing factors, the request for an early termination of supervised release is **GRANTED**.[1] The Clerk of Court is respectfully directed to terminate the motion at ECF No. 585.

**SO ORDERED.**

**Dated:** **February 7, 2022**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[1] The Court acknowledges that no hearing is required as "the relief sought is favorable" to Mr. Williams and "does not extend the term of probation or supervised release," and the Government has seized its opportunity to object in writing to the request for early termination. Fed. R. Crim. P. 32.1(c)(2).